1   JOHN L. SLAFSKY, State Bar No. 195513
2   jslafsky@wsgr.com
    WILSON SONSINI GOODRICH & ROSATI
3   Professional Corporation
    650 Page Mill Road
4   Palo Alto, CA 94304-1050
    Telephone: (650) 493-9300
5   Facsimile: (650) 493-6811

6
    SANDRA S. FUJIYAMA, State Bar No. 198125
7   sfujiyama@wsgr.com
    WILSON SONSINI GOODRICH & ROSATI
8   Professional Corporation
    633 West Fifth Street, 15th Floor
9   Los Angeles, CA 90071
    Telephone: (323) 210-2900
10  Facsimile: (866) 974-7329

11
    Attorneys for Plaintiff
12  TRUECAR, INC.

13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16                   WESTERN DIVISION

17

18  TRUECAR, INC., a Delaware          )  CASE NO.: CV13- 5812 CBM (FFMx)
    corporation,                       )
19                                      )  COMPLAINT FOR TRADEMARK
            Plaintiff,                  )  INFRINGEMENT, LANHAM ACT
20                                      )  VIOLATIONS, UNLAWFUL
        v.                             )  BUSINESS PRACTICES, FALSE
21                                      )  ADVERTISING, AND UNFAIR
    SONIC AUTOMOTIVE, INC., a          )  COMPETITION
22  Delaware corporation and  SONIC    )
    DIVISIONAL OPERATIONS, LLC,        )  DEMAND FOR JURY TRIAL
23  a Nevada limited liability company, )
                                        )
24                                      )
            Defendants.                 )
25  _____)

26

27

28

    COMPLAINT FOR TRADEMARK        -1-
    INFRINGEMENT

Plaintiff TrueCar, Inc. ("TrueCar" or "Plaintiff") hereby brings this Complaint against defendants Sonic Automotive, Inc. and Sonic Divisional Operations, LLC (together, "Sonic" or "Defendant") and alleges as follows:

## THE PARTIES

1.      TrueCar is a Delaware corporation with its principal place of business at 120 Broadway, Suite 200, Santa Monica, California 90401.

2.      Since September of 2008, TrueCar has operated a website at the domain name <truecar.com> (the "TrueCar Website"), through which the public can access extensive and valuable market pricing information for automobiles, including information such as average prices paid in various markets.

3.      TrueCar has business relationships with certain auto dealerships, including certain Sonic dealerships.  As part of this arrangement, these TrueCar-certified dealers agree to provide pricing information to consumers for certain vehicles on the TrueCar Website.  When consumers use the TrueCar Website to connect with TrueCar-certified dealers, including certain Sonic dealerships, they typically utilize the pricing information provided by certified dealers and displayed on the TrueCar Website to help agree on a sale price with the certified dealer. Accordingly, a key element of TrueCar's business is to help consumers achieve a "no hassle" buying experience at auto dealerships.

4.      On information and belief, defendant Sonic Automotive, Inc. is a Delaware corporation with its principal place of business at 4401 Colwick Road, Charlotte, North Carolina 28211.

5.      On information and belief, defendant Sonic Divisional Operations, LLC is a Nevada limited liability company with its principal place of business at 4401 Colwick Road, Charlotte, North Carolina 28211.

6.      On information and belief, defendant Sonic Divisional Operations, LLC is a wholly owned subsidiary of Sonic Automotive, Inc.

COMPLAINT FOR TRADEMARK INFRINGEMENT

-2-

7.     On information and belief, Sonic owns and operates dozens of automobile dealerships across the country, including dealerships in this judicial district.

8.     On information and belief, Sonic operates a website at <sonicautomotive.com> that it uses to promote the sale of automobiles and to provide information about automobiles and automobile pricing to consumers.

**JURISDICTION AND VENUE**

9.     This action for trademark infringement, Lanham Act violations, unlawful business practices, false and misleading statements and unfair competition arises under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), California statutes and the common law.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims as well as original jurisdiction under 28 U.S.C. § 1338(b) because the state-law claims are joined to a substantial and related trademark claim.

11.     This Court has personal jurisdiction over Sonic by virtue of its transacting and doing business in this judicial district and also by virtue of its committing a tort in or directed at this judicial district.  Sonic, among other things, offers its services through automobile dealerships and automobile repair facilities within this judicial district.  Sonic also offers its services via an interactive commercial website directed towards and available within this judicial district.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to this Complaint occurred and continue to occur within this judicial district.

COMPLAINT FOR TRADEMARK INFRINGEMENT                -3-

# BACKGROUND FACTS

## TrueCar's Trademark Rights

13.     Plaintiff has common-law rights in the TRUECAR trademark based upon its first use of the trademark at least as early as September 2008, and its continuous and exclusive use of the trademark in commerce in the United States since at least as early as September 2008.  The TRUECAR trademark has become a distinctive identifier of goods and services offered by Plaintiff.

14.     Since September 2008, Plaintiff has been building rights in a TRUE-family of trademarks, including the marks TRUECAR, TRUEINSURANCE, TRUEAVERAGE, TRUEINDEX, TRUEBUZZ, TRUETRENDS, TRUETRADE, and TRUEMPG (collectively, the "TRUE Marks").

15.     Plaintiff filed an application to register TRUECAR as a trademark with the U.S. Patent & Trademark Office ("USPTO") on April 6, 2009.  The registration issued as Registration No. 3759175.  A true and correct copy of the trademark registration certificate is attached hereto as Exhibit A.

16.     Plaintiff filed an application to register TRUEINSURANCE as a trademark with the USPTO on August 5, 2009.  The registration for TRUEINSURANCE issued as Registration No. 4350416.  A true and correct copy of the trademark registration certificate is attached hereto as Exhibit B.

17.     Plaintiff filed an application to register TRUEAVERAGE as a trademark with the USPTO on August 5, 2009.  The registration for TRUEAVERAGE issued as Registration No. 4350415.  A true and correct copy of the trademark registration certificate is attached hereto as Exhibit C.

18.     Plaintiff filed an application to register TRUEINDEX as a trademark with the USPTO on August 5, 2009.  The registration for TRUEINDEX issued as Registration No. 4350414.   A true and correct copy of the trademark registration certificate is attached hereto as Exhibit D.

19. Plaintiff filed an application to register TRUEBUZZ as a trademark with the USPTO on January 20, 2010. The registration for TRUEBUZZ issued as Registration No. 3837519. A true and correct copy of the trademark registration certificate is attached hereto as <u>Exhibit E</u>.

20. Plaintiff filed an application to register TRUETRENDS as a trademark with the USPTO on August 27, 2010. The registration for TRUETRENDS issued as Registration No. 3976990. A true and correct copy of the trademark registration certificate is attached hereto as <u>Exhibit F</u>.

21. Plaintiff filed an application to register TRUETRADE as a trademark with the USPTO on November 3, 2009. Plaintiff started using the TRUETRADE mark in commerce during or about May 2013.

22. Plaintiff filed an application to register TRUEQUOTE as a trademark with the USPTO on November 3, 2009. Plaintiff started using the TRUEQUOTE mark in commerce during or about May 2013.

23. Plaintiff filed an application to register TRUEMPG as a trademark with the USPTO on May 6, 2013. Plaintiff started using the TRUEMPG mark in commerce during or about March 2011.

24. Plaintiff filed an application to register TRUELOAN as a trademark with the USPTO on March 19, 2010.

25. Plaintiff filed an application to register TRUEVIEW as a trademark with the USPTO on July 29, 2011.

26. Plaintiff filed an application to register WITH TRUECAR.COM, YOU'LL KNOW THE REAL PRICE BEFORE YOU LEAVE YOUR HOME as a trademark with the USPTO on August 9, 2011.

27. Plaintiff filed an application to register TRUEFINANCE as a trademark with the USPTO on April 4, 2013.

COMPLAINT FOR TRADEMARK INFRINGEMENT

-5-

28.     TrueCar's use of each of the TRUE Marks has been valid and continuous since the dates of first use claimed for each of those marks, and has not been abandoned.

29.     Plaintiff has invested substantial resources in establishing the goodwill of its TRUECAR trademark and other TRUE Marks, including its investments in establishing its TrueCar Website, which utilizes the TRUE Marks.

30.     Since 2008, the TrueCar Website has received more than 10 million visitors.

31.     TrueCar has been the subject of extensive press coverage, including pieces in the *New York Times*, *Los Angeles Times*, *Wall Street Journal*, *Advertising Age*, *Detroit News*, *Detroit Free Press*, *CNNMoney*, *Fortune*, *Wired*, *MarketWatch*, *Time*, *CNET*, *USA Today*, *The Consumerist*, *Bloomberg, Bloomberg BusinessWeek*, and *Automotive News*, as well as coverage on ABC News, CBS News, and CNBC, among others.

**Sonic's Use of the TRUE PRICE Marks**

32.     Since TrueCar's launch of its TRUECAR mark in 2008, TrueCar personnel have repeatedly informed Sonic personnel of TrueCar's actions and plans to increase public awareness of TrueCar's services using TRUECAR and the other TRUE Marks.  On January 16, 2012, TrueCar executives met with Sonic executives at Sonic's corporate headquarters and reiterated their plan to further expand awareness of the TRUECAR service and brand.

33.     On information and belief, after Sonic and TrueCar started doing business together, and after TrueCar had developed its family of TRUE Marks, Sonic started experimenting with a "no hassle" price structure for some of its dealerships.

34.     On information and belief, Sonic utilizes a "no hassle" price structure whereby it sets a fixed price for a particular vehicle, thereby purportedly

COMPLAINT FOR TRADEMARK INFRINGEMENT                    -6-

1  alleviating the need for customers to negotiate the price.  Sonic's "no hassle"
2  feature is highly related to TrueCar's "no hassle" feature.

3       35.     Although TrueCar has continued to do business with certain Sonic
4  dealerships, it has never authorized Sonic or any of its dealerships to use any of the
5  TRUE Marks or any confusingly similar marks.

6       36.     On February 17, 2012, Sonic filed trademark applications for the
7  marks TRUE PRICE INFORMED. ACCURATE. TRUSTED. and TRUE PRICE
8  INFORMED. ACCURATE. TRUSTED. & Design and on March 30, 2013 Sonic
9  filed applications for the marks TRUE PRICE and TRUE PRICE & Design
10 (collectively, the "TRUE PRICE Marks").

11      37.     On information and belief, Sonic uses the TRUE PRICE Marks in
12 connection with its automobile dealership services, automobile financing services,
13 and automobile warranty underwriting services.  On information and belief, Sonic
14 uses the TRUE PRICE Marks, in particular, on its websites and/or on the websites
15 of its dealerships, to promote its "no hassle" buying experience, including its
16 pricing program and to provide information about automobile pricing to
17 consumers.

18      38.     On information and belief, Sonic registered the domain name
19 <trueprice.com> and uses that domain name to point internet traffic to its website
20 at <sonicautomotive.com>.

21      39.     On information and belief, the consumers that Sonic targets with its
22 TRUE PRICE marks are among the same consumers that TrueCar targets with its
23 TRUE Marks, namely, consumers who are shopping for automobiles and seeking
24 information about automobile pricing on the internet.

25      40.     On information and belief, Sonic did not use the TRUE PRICE marks
26 in commerce until long after TrueCar began use of many of its TRUE Marks in
27 commerce in the United States and long after TrueCar first filed applications for
28 many of its TRUE Marks in the United States.

COMPLAINT FOR TRADEMARK          -7-
INFRINGEMENT

41.     On April 11, 2013, TrueCar sent a letter to Sonic, demanding that Sonic cease use of the TRUE PRICE Marks and any other confusingly similar marks.

42.     On information and belief, Sonic has willfully continued to use the TRUE PRICE Marks in connection with its automobile-related services after receiving TrueCar's April 11, 2013 letter from TrueCar.

43.     Given the high similarity of TrueCar's TRUE Marks and Sonic's TRUE PRICE Marks, and the parties' use of their respective marks in connection with highly related services, among other factors, Sonic's use of the TRUE PRICE Marks is likely to cause and has caused confusion in the marketplace.  The resulting and continuing confusion will cause damage to TrueCar, and will injure its reputation in the trade and with the public.

44.     On information and belief, Sonic is intentionally creating consumer confusion and trading off the great investment that TrueCar has put into its brand and its products and services.  Without authorization or compensation, Sonic obtained the benefit of TrueCar's goodwill associated with its trademarks.  Sonic's use of the TRUE PRICE Marks has caused and will continue to cause confusion among members of the public as to whether the services offered by Sonic in connection with the TRUE PRICE Marks were authorized, sponsored, provided, endorsed by or affiliated with TrueCar.

45.     On information and belief, Sonic's own employees have been confused by the similarity of the TRUECAR mark and the TRUE PRICE mark.

## FIRST CAUSE OF ACTION

(Infringement of Registered Trademarks, 15 U.S.C. § 1114)

46.     Plaintiff realleges and incorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

47. Plaintiff is the owner of U.S. registrations for the trademarks TRUECAR, TRUEINSURANCE, TRUEAVERAGE, TRUEINDEX, TRUEBUZZ, and TRUETRENDS.

48. Defendant has used in commerce, without Plaintiff's consent, marks that are highly similar to Plaintiff's federally registered trademarks. Taking into account the extremely similar commercial activities of the parties, among other factors, Defendant's use of such trademarks is likely to cause confusion, deception, or mistake among consumers.

49. Defendant's willful and unauthorized use of the TRUE PRICE Marks has damaged Plaintiff in an amount to be proved at trial. As a consequence of Defendant's conduct, Plaintiff has suffered irreparable harm and will continue to do so unless Defendant's unlawful conduct is enjoined.

50. As a consequence of Defendant's infringement of the TRUE Marks, Plaintiff is entitled to an injunction, as set forth below, and an order of destruction of all of Defendant's infringing materials.

51. As a consequence of Defendant's willful infringement, Plaintiff is entitled to recover from Defendant profits and treble damages.

52. Because this is an exceptional case, Plaintiff is entitled to recover its attorneys' fees incurred in connection with this action.

### SECOND CAUSE OF ACTION

(Violation of Lanham Act § 43(a))

(False Representation and False Designation of Origin, 15 U.S.C. § 1125(a))

53. Plaintiff realleges and incorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Defendant's acts described above, including its use in commerce of marks that are highly similar to the TRUE Marks, are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendant's services. Further, Defendant's acts described above constitute false

1  representations of fact that are likely to cause confusion, mistake, or deception as

2  to the source, sponsorship, affiliation, or approval of Defendant's services.

3      55.    As a consequence of Defendant's violation, Plaintiff is entitled to an

4  injunction, as set forth below, an order of destruction of all of Defendant's

5  infringing materials, Defendant's profits, Plaintiff's damages and Plaintiff's costs

6  in prosecuting this action.

7      56.    As a consequence of Defendant's willful infringement, Plaintiff is

8  entitled to recover from Defendant profits and treble damages.

9      57.    Because this is an exceptional case, Plaintiff is entitled to recover its

10  attorneys' fees incurred in connection with this action.

11                        **THIRD CAUSE OF ACTION**

12      (Unlawful Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.)

13      58.    Plaintiff realleges and incorporates by reference the averments of the

14  preceding paragraphs  as though fully set forth herein.

15      59.    Defendant's use of trademarks and a domain name that are

16  confusingly similar to those used by Plaintiff constitutes unfair competition in

17  violation of California Business and Professions Code § 17200 et seq.

18      60.    Defendant's actions complained of herein are unlawful in violation of

19  California Business and Professions Code § 17200 because they violate the federal

20  Lanham Act, including 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C.

21  § 1125(c).

22      61.    Defendant's actions complained of herein are unfair in violation of

23  California Business and Professions Code § 17200 because they significantly

24  threaten and harm competition.

25      62.    Defendant's actions complained of herein are fraudulent in violation

26  of California Business and Professions Code § 17200 because they are likely to

27  cause and have caused confusion, deception, or mistake among consumers.

28

COMPLAINT FOR TRADEMARK          -10-
INFRINGEMENT

63.     TrueCar has suffered injury-in-fact as a result of Defendant's unfair competition in the form of, *inter alia*, confusion in the marketplace regarding the origin and sponsorship of Defendant's services and the dilution in the quality of its valid, federally registered trademarks and its well-known brand.

64.     Defendant's acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.  Accordingly, Plaintiff is entitled to an injunction under California Business and Professions Code §17203, as well as restitution and disgorgement of Defendant's profits.

## FOURTH CAUSE OF ACTION

(False Advertising – California Business & Professions Code §17500 et seq.)

65.     Plaintiff realleges and incorporates by reference the averments of the preceding paragraphs  as though fully set forth herein.

66.     Defendant's ongoing offer of services under the TRUE PRICE Marks is disseminated to and received by the public in California.  Defendant has engaged in these actions with the intent to provide its services to the public and to induce the public to enter into an obligation relating to such services.  Such actions (which are likely to deceive the public as to the source, sponsorship, affiliation, or approval of Defendant's services) constitute unfair, deceptive, untrue, or misleading advertising under California Business and Professions Code §17500, and also amount to a separate and further violation of California Business and Professions Code §17200 et seq.

67.     TrueCar has suffered injury-in-fact as a result of Defendant's false advertising in the form of, *inter alia*, confusion in the marketplace regarding the origin and sponsorship of Defendants' services and the dilution in the quality of its valid, federally registered trademarks and its well known brand.

68.     Defendant's acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this

COMPLAINT FOR TRADEMARK INFRINGEMENT                -11-

1  Court.  Accordingly, Plaintiff is entitled to an injunction under California Business
2  and Professions Code §17535, as well as restitution and disgorgement of
3  Defendant's profits.

**FIFTH CAUSE OF ACTION**

(Common-Law Unfair Competition)

6  69.    Plaintiff realleges and incorporates by reference the averments of the
7  preceding paragraphs  as though fully set forth herein.

8  70.    Defendant's acts described above constitute unfair competition in
9  violation of the common law of the State of California.

**SIXTH CAUSE OF ACTION**

(Common-Law Trademark Infringement)

12  71.    Plaintiff realleges and incorporates by reference the averments of the
13  preceding paragraphs as though fully set forth herein.

14  72.    Defendant's acts described above constitute willful trademark
15  infringement under the common law of the State of California.

16  73.    Defendant's acts described above have greatly and irreparably
17  damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this
18  Court.  Plaintiff is entitled to an injunction as set forth below, as well as damages
19  to be proved at trial.

**PRAYER FOR RELIEF**

21  WHEREFORE, Plaintiff prays for judgment in its favor and against
22  Defendant as follows:

23  a.    That the Court preliminarily and permanently enjoin Defendant, its
24        subsidiaries, parent and affiliated companies, successors, assigns,
25        officers, directors, agents, partners, servants, employees, and attorneys
26        of those companies or individuals, and all others in active concert or
27        participation with Defendant, from using the TRUE PRICE Marks,
28        the < trueprice.com> domain name, and any other mark, word, name,

COMPLAINT FOR TRADEMARK          -12-
INFRINGEMENT

1    or domain name that is likely to cause confusion with Plaintiff's
2    trademarks;
3    b.    That the Court require Defendant and all others holding by, through or
4          under them, to deliver up for destruction all products, labels, signs,
5          prints, packages, wrappers, receptacles, advertisements, website
6          content, television advertisements and other electronic forms of data
7          in its possession or control bearing the TRUE PRICE Marks and any
8          related trademarks, the <trueprice.com> domain name, and any other
9          variation of Plaintiff's marks;
10   c.    That the Court order Defendant to take all actions necessary to
11         transfer to Plaintiff all domain names registered by Defendant
12         containing Plaintiff's trademarks or marks confusingly similar thereto,
13         including the <trueprice.com> domain name;
14   d.    That the Court order Defendant, and all others enjoined in this action,
15         jointly and severally, to file with the Court and serve on Plaintiff an
16         affidavit setting forth in detail the manner and form in which they
17         have complied with the terms of the injunction;
18   e.    That the Court require Defendant to account for and pay to Plaintiff
19         treble the amount of all profits derived by Defendant as a result of the
20         acts alleged in this action;
21   f.    That the Court order Defendant to pay to Plaintiff treble the amount of
22         all damages incurred by Plaintiff by reason of Defendant's acts
23         alleged in this action;
24   g.    That the Court award Plaintiff the costs of this action, together with
25         reasonable attorneys' fees and disbursements; and
26   h.    That the Court grant such other and further relief as the Court deems
27         just and equitable.
28

COMPLAINT FOR TRADEMARK          -13-
INFRINGEMENT

1    Dated:  August 9, 2013              WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
2

3
                                 By: _____
4                                    John L. Slafsky (State Bar No. 195513)
                                     jslafsky@wsgr.com
5                                    WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation
6                                    650 Page Mill Road
                                     Palo Alto, CA 94304-1050
7                                    Telephone:  (650) 493-9300
                                     Facsimile:   (650) 493-6811
8

9                                    Sandra S. Fujiyama, (State Bar No. 198125)
                                     sfujiyama@wsgr.com
10                                   WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation
11                                   633 West Fifth Street, 15th Floor
                                     Los Angeles, CA 90071
12                                   Telephone:  (323) 210-2900
                                     Facsimile:  (866) 974-7329
13

14
                                     Attorneys for Plaintiff
15                                   TRUECAR, INC.

16

17   Nathan E. Ferguson (*Of Counsel*)
     WILSON SONSINI GOODRICH & ROSATI
18   Professional Corporation

19

20

21

22

23

24

25

26

27

28
     COMPLAINT FOR TRADEMARK            -14-
     INFRINGEMENT

1

## JURY DEMAND

2      Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a

3  jury trial of all issues triable by a jury.

4

5  Dated:  August 9, 2013          WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation
6

7
                                   By: _____
8                                      John L. Slafsky (State Bar No. 195513)
9                                      jslafsky@wsgr.com
                                       WILSON SONSINI GOODRICH & ROSATI
10                                     Professional Corporation
                                       650 Page Mill Road
11                                     Palo Alto, CA 94304-1050
                                       Telephone:  (650) 493-9300
12                                     Facsimile:   (650) 493-6811

13                                     Sandra S. Fujiyama, (State Bar No. 198125)
14                                     sfujiyama@wsgr.com
                                       WILSON SONSINI GOODRICH & ROSATI
15                                     Professional Corporation
                                       633 West Fifth Street, 15th Floor
16                                     Los Angeles, CA 90071
                                       Telephone:  (323) 210-2900
17                                     Facsimile:   (866) 974-7329

18
                                       Attorneys for Plaintiff
19                                     TRUECAR, INC.

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL                    -15-

# United States of America

## United States Patent and Trademark Office

# TRUECAR

**Reg. No. 3,759,175**
Registered Mar. 9, 2010

**Int. Cls.: 35 and 42**

**SERVICE MARK**
**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
SUITE 600
225 SANTA MONICA BOULEVARD
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE PURCHASE ADVISORY AND CONSULTING SERVICES; PROVIDING MOTORIZED VEHICLE VALUE ADVISORY AND PRICE EVALU-ATION SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMPUTER NETWORK IN CONNECTION WITH THE PRICE, VALUE AND SPECIFICATIONS OF MOTORIZED VEHICLES; STATISTICAL ANALYSIS OF NATIONAL AND REGIONAL MOTORIZED VEHICLE PRICE DATA; PROVIDING MOTORIZED VEHICLE PRICE REPORTS THAT IN-CLUDE DEALER COST, FACTORY INVOICE PRICE, AVERAGE PRICE, STICKER PRICE, MSRP, AND A STATISTICAL ANALYSIS OF PRICE FOR A PARTICULAR VEHICLE BASED ON ACTUAL PURCHASE DATA; MARKETING AND ADVERTISING SERVICES FOR SELLERS OF NEW AND USED MOTORIZED VEHICLES, MOTORIZED VEHICLE PARTS AND ACCESSORIES, AND MOTORIZED VEHICLE REPAIR, CUSTOMIZATION AND RESTORATION SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-30-2008; IN COMMERCE 9-30-2008.

FOR: PROVIDING A WEB SITE FEATURING TEMPORARY USE OF NON-DOWNLOADABLE SOFTWARE ALLOWING WEB SITE USERS TO SEARCH FOR, RESEARCH, PURCHASE AND SELL MOTORIZED VEHICLES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 9-30-2008; IN COMMERCE 9-30-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-707,917, FILED 4-6-2009.

SUSAN RICHARDS, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**Exhibit A**

**-16-**



# United States of America

### United States Patent and Trademark Office

# TRUEINSURANCE

**Reg. No. 4,350,416**

**Registered June 11, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
12TH FLOOR
225 SANTA MONICA BLVD.
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE INSURANCE ADVISORY AND CONSULTING SERVICES; PROVIDING MOTORIZED VEHICLE INSURANCE PRICE EVALUATION SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMPUTER NETWORK IN CONNECTION WITH THE PRICE OF INSURANCE FOR MOTORIZED VEHICLES; STATISTICAL ANALYSIS OF MOTORIZED VEHICLE INSURANCE PRICE DATA; PROVIDING MOTORIZED VEHICLE INSURANCE PRICE REPORTS BASED ON STATISTICAL ANALYSIS OF MARKET DATA; MARKETING AND ADVERTISING SERVICES OF MOTORIZED VEHICLE INSURANCE FOR OTHERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-12-2013; IN COMMERCE 4-12-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-797,984, FILED 8-5-2009.

CHRISTOPHER BUONGIORNO, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

**Exhibit B**

# United States of America

## United States Patent and Trademark Office

# TRUEAVERAGE

**Reg. No. 4,350,415**

**Registered June 11, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
12TH FLOOR
225 SANTA MONICA BLVD.
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE PURCHASE ADVISORY AND CONSULTING SERVICES; PROVIDING MOTORIZED VEHICLE VALUE ADVISORY AND PRICE EVALU-ATION SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMPUTER NETWORK IN CONNECTION WITH THE PRICE AND VALUE OF MOTORIZED VEHICLES; STATIST-ICAL ANALYSIS OF MOTORIZED VEHICLE PRICE DATA; PROVIDING MOTORIZED VEHICLE PRICE REPORTS BASED ON STATISTICAL ANALYSIS OF MARKET DATA; MARKETING AND ADVERTISING SERVICES FOR SELLERS OF MOTORIZED VEHICLES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-0-2013; IN COMMERCE 3-0-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-797,974, FILED 8-5-2009.

CHRISTOPHER BUONGIORNO, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

**Exhibit C**

-18-



# United States of America
## United States Patent and Trademark Office

# TRUEINDEX

**Reg. No. 4,350,414**

**Registered June 11, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
12TH FLOOR
225 SANTA MONICA BLVD.
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE PURCHASE ADVISORY AND CONSULTING SERVICES; PROVIDING MOTORIZED VEHICLE VALUE ADVISORY AND PRICE EVALUATION SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMPUTER NETWORK IN CONNECTION WITH THE PRICE AND VALUE OF MOTORIZED VEHICLES; STATISTICAL ANALYSIS OF MOTORIZED VEHICLE PRICE DATA; PROVIDING MOTORIZED VEHICLE PRICE REPORTS BASED ON STATISTICAL ANALYSIS OF MARKET DATA; MARKETING AND ADVERTISING SERVICES FOR SELLERS OF MOTORIZED VEHICLES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-0-2013; IN COMMERCE 3-0-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-797,971, FILED 8-5-2009.

CHRISTOPHER BUONGIORNO, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

**Exhibit D**

-19-



# United States of America

## United States Patent and Trademark Office

# TRUEBUZZ

**Reg. No. 3,837,519**

**Registered Aug. 24, 2010**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
SUITE 600 225 SANTA MONICA BOULEVARD
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE PURCHASE ADVISORY AND CONSULTING SERVICES; PROVIDING CONSUMER PRODUCT INFORMATION VIA A GLOBAL COMPUTER NETWORK BASED ON CONSUMER INTEREST RATINGS ASSOCIATED WITH PARTICULAR MODELS OF MOTORIZED VEHICLES; STATISTICAL ANALYSIS OF CONSUMER PRODUCT INFORMATION DATA BASED ON CONSUMER COMMENTS, RATINGS AND COMMENTARY ABOUT PARTICULAR MODELS OF MOTORIZED VEHICLES; PREPARING BUSINESS REPORTS ON THE POPULARITY AND CONSUMER INTEREST IN PARTICULAR MODELS OF MOTORIZED VEHICLES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-15-2010; IN COMMERCE 1-15-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,759,175.

SER. NO. 77-915,751, FILED 1-20-2010.

DAVID YONTEF, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

**Exhibit E**

-20-



# TRUETRENDS

**Reg. No. 3,976,990**

**Registered June 14, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRUECAR, INC. (DELAWARE CORPORATION)
SUITE 600
225 SANTA MONICA BOULEVARD
SANTA MONICA, CA 90401

FOR: PROVIDING MOTORIZED VEHICLE PURCHASE ADVISORY AND CONSULTING SERVICES; PROVIDING MOTORIZED VEHICLE VALUE ADVISORY AND PRICE EVALUATION SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMPUTER NETWORK IN CONNECTION WITH THE PRICE, VALUE, AND MARKET TIME OF MOTORIZED VEHICLES; STATISTICAL ANALYSIS OF NATIONAL AND REGIONAL MOTORIZED VEHICLE PRICE DATA; PROVIDING MOTORIZED VEHICLE PRICE REPORTS, NAMELY, STATISTICAL ANALYSIS AND MEASUREMENT OF PRICES AND MARKET TIME FOR PARTICULAR MOTORIZED VEHICLES BASED ON MARKET DATA; PROVIDING MOTORIZED VEHICLE PRICE REPORTS, NAMELY, PRICE TRACKING AND MARKET PRICE TIMING FOR PARTICULAR MOTORIZED VEHICLES BASED ON MARKET DATA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-15-2010; IN COMMERCE 4-15-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-117,877, FILED 8-27-2010.

MAYUR VAGHANI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**Exhibit F**

**-21-**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| TRUECAR, INC., a Delaware corporation, | SONIC AUTOMOTIVE, INC., a Delaware corporation and SONIC DIVISIONAL OPERATIONS, LLC, a Nevada limited liability company, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| JOHN L. SLAFSKY, State Bar No. 195513<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050      Bus: 650-493-9300 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Infringement of Registered Trademarks, 15 U.S.C. § 1114; Violation of Lanham Act § 43(a)

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _____ CV13- 5812

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mecklenburg County, North Carolina | Mecklenburg County, North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Sheli Hyin_   DATE: __August 9, 2013__

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name & Address:
JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Bus: (650) 493-9300

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUECAR, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>SONIC AUTOMOTIVE, INC., a Delaware corporation and SONIC DIVISIONAL OPERATIONS, LLC, a Nevada limited liability company,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13- 5812 (CBM(FFMx))<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):     SONIC AUTOMOTIVE, INC., a Delaware corporation and SONIC DIVISIONAL OPERATIONS, LLC, a Nevada limited liability company

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __John L. Slafsky_____, whose address is __Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA  94304-1050__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

AUG - 9 2013

Clerk, U.S. District Court

Dated: _____

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*