UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRUECAR, INC., a Delaware corporation,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SONIC AUTOMOTIVE, INC., a Delaware corporation and SONIC DIVISIONAL OPERATIONS, LLC, a Nevada limited liability company,<br><br>    *Defendants*. | Case No. 2:13-5812 CBM (FFMx)<br><br>[~~PROPOSED~~] **ORDER ON STIPULATION REGARDING PRESERVATION, REVIEW, AND PRODUCTION OF CERTAIN ELECTRONICALLY STORED INFORMATION**<br><br>**DISCOVERY MATTER** |

The Parties hereby stipulate to, and respectfully request this Court to adopt as an Order, the following provisions governing the discovery of Electronically Stored Information in this litigation:

**PURPOSE**

1.   This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

**PRESERVATION**

2. The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a. The parties' preservation obligations are ongoing;

    b. The parties agree not to preserve the following categories of ESI for this litigation:

        i. voicemail messages or any other audio recordings of phone calls or messages that might reside on computer systems or back-up tapes;

        ii. electronic data from handsets, mobile devices, personal digital assistants, and tablets, provided that a copy of such information is routinely saved elsewhere;

        iii. instant messages, text messages, and chat text that are not ordinarily printed or maintained in a server dedicated to messaging;

        iv. automatically saved versions of documents and emails;

        v. deleted, slack, fragmented, or other data accessible only by forensics;

        vi. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

        vii. on-line access data such as temporary internet files, history, cache, cookies, and the like;

        viii. dynamic fields of databases or log files that are not retained in the usual course of business;

        ix. data in metadata fields that are frequently updated automatically, such as last opened dates;

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     | x.  | materials retained primarily for backup or disaster recovery purposes; and |
| 3   |     | xi. | information created or copied during the routine, good-faith performance of process for the deployment, maintenance, retirement, and disposition of computer equipment. |

      c.     The parties may agree in the future to additional limitations on types of ESI to be preserved.

    3.     The parties further agree that:

      a.     No party shall seek sanctions pursuant to the Federal Rules of Civil Procedure, the contempt powers of the Court, or any other authority against the other Party for the failure to preserve electronic information that is not required to be maintained pursuant to paragraph 2(b);

      b.     Nothing in this agreement shall give rise to a claim for sanctions for failure to preserve information prior to the effective date of this agreement.

**SEARCH**

    4.     To further contain costs and reduce the volume of ESI that is not relevant to the matter, the Parties shall discuss the use of reasonable search terms as one means to identify and collect relevant ESI for review and production.

**PRODUCTION**

    5.     Each party is required to produce only a single copy of a responsive document (*i.e.*, it may produce multiple copies but is not required to do so) and each party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. A party may also de-duplicate "near-duplicate" email threads as follows: In an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an

1  attachment, that email and attachment shall not be removed as a "near-duplicate."
2  To the extent that de-duplication through MD5 or SHA-1 hash values is not
3  possible, the parties shall meet and confer to discuss any other proposed method of
4  de-duplication.

5      6.    ESI produced pursuant to requests under Federal Rules of Civil
6  Procedure 34 and 45 for documents maintained in electronic form in a Party's
7  ordinary course of business shall be produced as single page (Group IV, 300dpi),
8  TIFF images with extracted, searchable text and accompanying load files. Native
9  ESI converted to TIFF images should also have the native hash signature (i.e.:
10 MD5, SHA1, etc.) included in the metadata.  The following metadata shall be
11 produced to the extent it exists and is reasonably accessible: To, From, CC, BCC,
12 subject, date sent, date received, time sent, time received, author, document title,
13 date created, date modified, original filename, original filepath, file extension, and
14 sort date or parent date. To the extent the parties seek additional metadata beyond
15 these categories, the parties will meet and confer regarding the production of such
16 metadata.

17     7.    The producing party will make reasonable efforts to ensure that any
18 spreadsheets that are produced as TIFF images are formatted so as to be readable.
19 To the extent that any electronic documents are illegible or otherwise unusable in
20 TIFF format, the receiving party may request that a document produced as single-
21 page TIFF image be produced in native format if the receiving party can show
22 justifiable need for a specific electronic document in its native format and it would
23 not be unreasonable, unduly burdensome, or expensive for the producing party to
24 provide the document natively.

25     8.    Documents maintained in paper form in a Party's ordinary course of
26 business shall be produced as single page TIFF images with OCR and
27 accompanying load files.

28

9. The parties agree to produce imaged documents with a legible, unique page identifier ("Bates Number") and confidentiality designation electronically burned onto the image. To the extent feasible, each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file. To the extent native files are produced, the Bates Number should match the Bates Number assigned to the first page of the corresponding TIFF image.

10. Where possible, the parent-child relationship of documents in a collection (e.g., cover letter and enclosures, email and attachments, binder with tabs, or other documents where a parent-child relationship exists between the documents) shall be maintained through the collection, scanning and/or conversion process by producing documents in consecutive order with children immediately following a parent. Parent-child relationships with respect to documents in a collection [e.g., document families] will be defined in the load file.

11. Load files shall indicate, in addition to the metadata listed in Paragraph 6, the custodian, the beginning and ending production numbers (BegBates, EndBates), and the parent-child relationships with respect to documents with attachments (BegAttach, EndAttach).

12. The load files shall comprise a standard load file for a commercially acceptable production software (e.g., Eclipse, Concordance). The parties agree to meet and confer to identify and provide appropriate specifications in advance of any productions.

13. The text of electronic documents should be extracted directly from the native file. If a document has been redacted, however, or does not contain extractable text, OCR of the redacted document will suffice in lieu of extracted text. OCR of hard copy documents shall be provided by using a commercially acceptable technology for OCR. OCR text shall be provided as a single text file for each document, and the filename itself should match the Bates number assigned to

1  the first page of the document.  The text files will not contain the redacted portions
2  of the documents. Extracted text and/or OCR shall be delivered as single text file
3  for each document. When text files are delivered, they are to be located in the
4  folder designated for text files (See infra, Paragraph 15).

5      14.    If native files are produced as supplemental data to the document
6  images, the accompanying load file must contain a field with the relative path to
7  the supplemental native file.

8      15.    The parties agree to produce documents on electronic media such as
9  CD-ROM, DVD, external hard drive or via FTP or other secure transfer protocols,
10 as the parties may hereafter agree upon. The root folder on the production media
11 shall be a volume folder. Inside the volume folder shall be a load file folder, a text
12 folder, a native folder, and an image folder. To the extent the parties or their
13 vendors require different production media specifications, the parties agree to meet
14 and confer to identify and provide appropriate specifications in advance of any
15 productions.

16     16.    To the extent there is any inadvertent production of privileged or
17 otherwise protected ESI material, the parties agree that it shall be subject to the
18 requirements of Section 11 of the Stipulated Protective Order.

19 **MODIFICATION**

20     17.    This Stipulated Order may be modified by a Court-approved
21 stipulation of the parties or by the Court *sua sponte* for good cause shown.

22     Based on the foregoing Stipulation, the Court hereby adopts the foregoing
23 provisions of the Stipulation as an Order governing the discovery of Electronically
24 Stored Information in this litigation.

25     **IT IS SO ORDERED.**

26

27 DATED:   July 23, 2014        /S/ FREDERICK F. MUMM
                                              HONORABLE FREDERICK F. MUMM
28                                               United States Magistrate Judge